IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-cv-00386-FDW

| | |
|---|---|
| TERRY L. HARGETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MICHAEL J. ASTURE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 5) and Defendant's Motion for Summary Judgment (Doc. No. 7). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate David S. Cayer was designated to consider and recommend disposition of these motions to the Court. Accordingly, Magistrate Judge Cayer entered a Memorandum and Recommendation ("M & R") (Doc. No. 9) recommending that the Court deny Plaintiff's motion, grant Defendant's motion, and affirm the Commissioner's decision. Plaintiff timely filed objections to the M & R (Doc. No. 10). For the reasons that follow, the Court OVERRULES Plaintiff's objections, ADOPTS the M & R, GRANTS Defendant's Motion for Summary Judgment, DENIES Plaintiff's Motion for Summary Judgment, and AFFIRMS the Commissioner's decision.

**I. BACKGROUND**

Plaintiff does not lodge any specific objections to the procedural history section contained in the M & R, and, upon *de novo* review, those findings appear to be substantially supported by the record. Therefore, the portion of the M & R entitled "Procedural History" is hereby adopted and incorporated by reference as if fully set forth herein.

On June 26, 2006, Plaintiff filed an application for a period of disability and Social Security disability benefits, alleging she became disabled on June 5, 2006, because of osteoarthritis, bone spurs, right elbow problems, asthma, high blood pressure, allergies, fibromyalgia, acid reflux, and sleep apnea. After Plaintiff's application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). At the administrative hearing, Plaintiff amended her alleged onset date to April 17, 2006, the date she was laid off from her job as an office operations specialist.

On April 28, 2009, the ALJ issued a ruling denying Plaintiff's claim. The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 17, 2006; that Plaintiff suffered from osteoarthritis, bilateral rotator cuff impingement syndrome, residuals of carpal tunnel syndrome, and residuals of carpometacarpal arthritis; and that these impairments were severe within the meaning of the regulations, but did not meet any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Furthermore, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, reduced by occasional climbing, balancing, kneeling, crouching, crawling, and reaching; that Plaintiff's RFC allowed her to perform her past job as an office operations specialist; and therefore the Plaintiff was not disabled.

Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council of the Social Security Administration. Plaintiff filed the present action on September 8, 2009.

## II. STANDARD OF REVIEW

Pursuant to the Social Security Act, this Court's review of a final decision of the Commissioner is limited to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g) (2006); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). A reviewing court must refrain from reweighing the

evidence. Hays, 907 F.2d at 1456. The substantial evidence standard is met when the Commissioner's decision is supported by relevant evidence that a reasonable mind would accept as adequate to support the decision. Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In addressing objections, a district court reviews *de novo* those parts of an M & R to which an objection is made. 28 U.S.C. § 636(b)(1) (2006). A general objection which fails to direct the court to a specific error in the M & R does not require *de novo* review. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). No review is required to those portions of the M & R which are not subject to an objection. Homesley v. Freightliner Corp., 122 F. Supp. 2d 659, 660 (W.D.N.C. 2000) (citing Thomas v. Arn, 474 U.S. 140, 149 (1985)). Nevertheless, this Court is responsible for the final determination of the case. Therefore, the Court has carefully reviewed the M & R and in addition conducted a *de novo* review of those parts of the M & R which are subject to an objection.

### III. ANALYSIS

Plaintiff raises three specific objections to the Magistrate Judge's findings and recommendations. Plaintiff's last objection, which merely states that "[c]ontrary to the M & R, the Commissioner did not expressly consider and explain the weight assigned to all relevant evidence," is summarily overruled because it does not direct the Court to a specific error in the M & R. The Court finds all the objections to be without merit.

**A. The Commissioner's finding that Plaintiff has the ability to perform her previous job**

First, Plaintiff contends that the Magistrate Judge erred when he held that substantial evidence supported the Commissioner's finding that Plaintiff retains the ability to perform all the material duties of her past job as an office operations specialist. In determining whether a claimant

can return to his or her past work, an ALJ compares a claimant's RFC to the mental and physical demands of the claimant's past job. 20 C.F.R. § 404.1560(b) (2009). Plaintiff described her past job as requiring sitting five hours a day, standing one hour a day, walking two hours a day, and lifting and carrying less than ten pounds. In determining Plaintiff's RFC, the ALJ considered Plaintiff's hearing testimony, the medical records from Plaintiff's treating physicians, and state agency consultations. Substantial evidence supports the ALJ's conclusion that Plaintiff could perform sedentary work, reduced by occasional climbing, balancing, kneeling, crouching, crawling, and reaching; and therefore she could perform her past job as an office operations specialist. On August 24, 2006, Plaintiff told Dr. Robert H. Abramowitz that she could do laundry, cooking, and light cleaning, which includes dusting, cleaning bathrooms, and putting items away. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that evidence that Plaintiff could perform routine household chores supported finding of non-disability). Plaintiff also told Dr. Abramowitz that she takes care of the household finances and attends church regularly. Likewise, in a third-party function report, Plaintiff's husband stated that although Plaintiff needed help getting dressed and cleaned, Plaintiff continued to cook meals, drive a car, do light cleaning, wash clothes, shop weekly, and attend church. On August 31, 2006, Dr. Earl J. Epps, Jr., noted that Plaintiff was not in acute distress, was able to get off the examination table, and was able to dress herself without assistance. Dr. Epps also noted that Plaintiff's gait was normal; that she experienced no loss of motor, sensory, or coordination function; and that she had normal range of motion in her elbows, wrists, hands, ankles, and feet. The rest of the evidence, along with the evidence discussed above, shows that substantial evidence supported the ALJ's decision.

Plaintiff seems to argue that the ALJ wrongly placed great weight on the fact that Plaintiff continued working until she was laid off on April 17, 2006. Plaintiff argues this was erroneous

because Plaintiff did not work at all from mid-January 2006 to mid-March 2006 and when she did return to work, there was little work to do. Plaintiff also argues that by focusing on the fact that she worked until the date of the layoff, the ALJ's RFC assessment ignored Plaintiff's deteriorating condition after April 17, 2006. The Court notes that although the ALJ did consider the fact that Plaintiff worked until she was laid off, that information comprised one paragraph among four pages of other considerations the ALJ took into account when determining Plaintiff's RFC. In those four pages, the ALJ considered medical records dated after April 17, 2006; therefore the ALJ would have noticed and considered any deteriorations in Plaintiff's condition after April 17, 2006. Moreover, information regarding a plaintiff's employment history may be relevant to an ALJ's RFC determination, as it speaks to the credibility of a plaintiff's allegations. Here, Plaintiff learned in late 2005 that she was going to be laid off in April 2006. Plaintiff chose not to take advantage of the company's disability program, for which she was probably eligible, and instead decided to work until the layoff date so that she could obtain her severance package. Plaintiff testified that she decided to forego applying for the company's disability program because she thought it would be better for her financially if she worked until the layoff date and obtained her severance package. These facts are pertinent to the credibility of Plaintiff's allegations.

Plaintiff's medical records and testimony establish that Plaintiff did experience some pain and suffering. Nevertheless, it is the responsibility of the ALJ to resolve conflicting medical evidence. Seacrist v. Weinbergainer, 538 F.2d 1054, 1056-57 (4th Cir. 1976). The Court finds that the Magistrate Judge correctly held that substantial evidence supported the ALJ's decision that Plaintiff could perform her past job as an office operations specialist.

**B. Dr. Robert Kipnis's opinion**

Next, Plaintiff contends that the Magistrate Judge erred when he held that the ALJ offered an adequate explanation for rejecting Dr. Kipnis's opinion and correctly weighed Dr. Kipnis's functional capacity assessment in accordance with 20 C.F.R. § 404.1527(d)(2). A treating physician's opinion is entitled to controlling weight if the opinion is supported by clinical evidence and is not inconsistent with other substantial evidence. See 20 C.F.R. § 404.1527(d)(2) (2009); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)). When the treating physician's opinion is not given controlling weight, its weight is determined by using the factors referenced in 20 C.F.R. § 404.1527(d)(2).

On December 4, 2006, Dr. Kipnis completed a functional capacity statement that indicated Plaintiff could occasionally lift five pounds, sit for one to two hours per eight-hour day, stand/walk for one to two hours per eight-hour day, and occasionally manipulate and rarely grip/handle things. Furthermore, the statement stated that Plaintiff would need to lie down for two hours in an eight-hour day and would miss five to ten days of work each month. The ALJ considered Dr. Kipnis's opinion but concluded that it was too extreme and not consistent with the medical evidence of record. See 20 C.F.R. § 404.1527(d)(2)-(4) (stating that a medical opinion does not have to be given controlling weight if it is inconsistent with other substantial evidence and that a medical opinion's consistency with the record as a whole and supportability are factors to be considered in assigning weight to a medical opinion that is not given controlling weight). In support of his decision, the ALJ noted that Plaintiff did well after Plaintiff's surgery on her rotator cuff on January 2007; that Plaintiff was independent with a home exercise program; and that despite Dr. Kipnis's opinion, Plaintiff passed up pursuing her employer's disability program and was able to perform her job on

the last day she worked. Moreover, the opinions of Dr. John Gaul on April 10, 2006; Dr. James B. Jones on July 11, 2006; Dr. Epps on August 31, 2006; Dr. Epps on February 15, 2007; Dr. Mary W. Stowe on January 16, 2008; and others contradict Dr. Kipnis's opinion. Based on the preceding reasons, the Court finds that the Magistrate Judge correctly concluded that substantial evidence supported the ALJ's treatment of Dr. Kipnis's opinion.

## C. Dr. Abramowitz's report

Lastly, Plaintiff contends that the Magistrate Judge erred when he held that the ALJ's treatment of Dr. Abramowitz's report was supported by substantial evidence. Plaintiff argues that Dr. Abramowitz's August 24, 2006, report, in which Plaintiff reported her daily activities, was given too much weight by the ALJ when he determined Plaintiff had the RFC to perform the duties of her past job. Plaintiff contends that Dr. Abramowitz's report is faulty because the report did not contain any information regarding how long and with what breaks the activities mentioned are carried on and the activities mentioned in the report did not require prolonge sitting or use of the hands. Plaintiff also claims that by relying on the report, the ALJ ignored Plaintiff's husband's third-party function report and Plaintiff's deteriorating condition after August 24, 2006, the date of the report. Plaintiff's contentions are unfounded. The ALJ considered medical records dated after Dr. Abramowitz's report and therefore would have considered any deterioration in Plaintiff's condition after August 24, 2006. Furthermore, the ALJ did not solely rely on Dr. Abramowitz's report as Dr. Abramowitz's report composed only a paragraph in a four page discussion regarding determination of Plaintiff's RFC. The ALJ did not have to consider Plaintiff's husband's third-party function report since it was essentially the same as Dr. Abramowitz's report. See Carlson v. Shalala, 999 F.2d 180, 181 (7th Cir. 1993) (noting that the ALJ did not err by failing to discuss testimony that

7

was redundant). Based on the preceding reasons, this Court finds that the Magistrate Judge did not err when he held that substantial evidence supported the ALJ's treatment of Dr. Abramowitz's report.

## IV. CONCLUSION

In conclusion, the Commissioner correctly applied the law, and the Commissioner's decision denying disability benefits was based on substantial evidence. Therefore, the Court OVERRULES Plaintiff's objections (Doc. No. 10), ADOPTS the M & R (Doc. No. 9), GRANTS Defendant's Motion for Summary Judgment (Doc. No. 7), DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 5), and AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

Signed: June 14, 2010

Frank D. Whitney
United States District Judge